IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | | |
|---|---|---|---|
| ALFREDO ROSALES | ) | | |
| | ) | | |
| Movant, | ) | Case No. | CV 08-83-E-BLW |
| | ) | | CR 04-243-E-BLW |
| v. | ) | | |
| | ) | **ORDER** | |
| | ) | | |
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| Respondent. | ) | | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | | |

Pending before the Court is Movant's Motion to Vacate, Set Aside or

Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255

(Docket No. 1 in CV-08-83-E-BLW).[1]

## REVIEW OF 28 U.S.C. § 2255 MOTION

### A.    Background and Summary of Issues

On April 14, 2006, following a jury trial, Movant was convicted of one

_____

[1]  Unless otherwise noted, all further docket numbers will refer to the
underlying civil case, CV-08-83-E-BLW.

**Order - 1**

count of Conspiracy to Possess with Intent to Distribute Methamphetamine and one count of Possession with Intent to Distribute Methamphetamine. (Docket No. 519 in criminal case). He was sentenced to 151 months of incarceration. (Docket No. 1). On November 13, 2007, Movant filed a Motion to Restore Appeal Rights (Docket No. 550 in criminal case) alleging that rather than accepting a plea agreement recommending a 33-month sentence, he went to trial to avoid waiving his appeal rights, that he instructed his attorney to file a notice of appeal immediately following sentencing, and that his attorney failed to do so. (Docket No. 1).

On February 15, 2008, the Court ordered that the Defendant's Motion to Restore Appeal Rights should be construed as the pending Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Docket No. 1). The Court noted that failure to file a notice of appeal despite specific instructions to do so constitutes ineffective assistance of counsel in violation of the Sixth Amendment. (Docket No. 1). The Court specified that the Government should advise the Court within thirty days whether it intended to proceed to an evidentiary hearing or whether it would waive the statute of limitations defense and stipulate to the Court's vacating and reentering the judgment and appointing counsel so Movant could file a timely notice of appeal. (Docket No. 1). The Government

**Order - 2**

failed to advise the court either way.  Therefore, the Court assumed that the

Government was not willing to stipulate to vacating and reentering the judgment,

and the Court ordered the Government to file a Response to Movant's Motion.

(Docket No. 4).  The Government filed its Response on August 25, 2008.  (Docket

No. 7).  However, it did not raise the statute of limitations defense.  On August 27,

2008, the Government filed the Affidavit of Kevin Peterson, Movant's former

counsel, in which Peterson asserted that Movant did not timely request that he file

a notice of appeal.  (Docket No. 8).

      **B.**     **Standard of Law**

      Title 28 U.S.C. § 2255 provides four grounds under which a federal court

may grant relief to a federal prisoner who challenges the imposition or length of his

or her incarceration: (1) "that the sentence was imposed in violation of the

Constitution or laws of the United States;" (2) "that the court was without

jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the

maximum authorized by law;" and (4) that the sentence is otherwise "subject to

collateral attack."

      Section 2255 motions must be filed one year from the latest of:

          (1) the date on which the judgment of conviction
          becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Under § 2255(f)(1), "the date on which the judgment of conviction becomes final" is when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *United States v. LaFromboise*, 427 F.3d 680, 683 (9th Cir. 2005). In a case such as the present one, where there was no direct appeal, a judgment of conviction becomes final ten days after the district court enters judgment. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

## C.   Discussion

Movant asserts that he requested his counsel file a notice of appeal, and that his counsel failed to do so, which thereby abrogated Movant's Sixth Amendment

**Order - 4**

right to counsel.  (Docket No. 1).  Thus, Movant argues, his right to appeal should be restored.  (Docket No. 1).

In response, the Government contends Movant cannot satisfy the *Strickland* test.  First, the Government argues Movant did not request his counsel file a notice of appeal on his behalf until after the time limit for filing had passed.  (Docket No. 7).  Second, the Government contends Movant cannot demonstrate prejudice because there is no indication that, had a notice of appeal been filed, the Court of Appeals would have overturned his conviction or sentence as unreasonable. (Docket No. 7).

Where a defendant asks his lawyer to appeal and his lawyer does not do so, even where a defendant has waived his right to appeal, the lawyer has provided ineffective assistance of counsel. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir.2004).  The lost chance to file a notice of appeal constitutes prejudice regardless of whether a defendant would have prevailed on appeal.  *Id.*

Because there is a factual dispute as to whether Movant told his counsel to appeal, the Court must hold an evidentiary hearing to resolve the issue.  *Id*. (requiring "an evidentiary hearing to determine whether Sandoval-Lopez really did tell his lawyer to appeal and his lawyer refused though Sandoval-Lopez demanded it").  However, given the apparent late filing of the motion, the Court will not

**Order - 5**

schedule a hearing at this time.

The Court is reluctant to presume that the Government intended to waive the statute of limitations defense by addressing its Response to the merits.  Where there is no "intelligent waiver" of the defense, the district court may, although it is not required to, raise the timeliness issue *sua sponte*.  *Day v. McDonough*, 547 U.S. 198, 202; 209 (2006).  Accordingly, the Court will defer determination of the merits until the timeliness issue is resolved.

Here, Judgment was entered against Movant on April 14, 2006.  Therefore, his conviction became final on April 24, 2006, and he was required to file his § 2255 motion by April 24, 2007.  Movant, however, did not file his motion until November 13, 2007, almost seven months after the deadline passed.

Movant is hereby notified that his Motion under 28 U.S.C. § 2255 will be subject to dismissal unless he shows cause, within thirty days of the date this Order is entered, why his Motion should not be dismissed as untimely.  In particular, Movant is advised that his Motion will be dismissed unless he presents to the Court evidence that his Motion was timely under one of § 2255(f)'s other provisions or that *extraordinary circumstances beyond his control* made it impossible for him to file his Motion on time.  *See United States v. Marolf*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999).

**Order - 6**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Movant is notified that his Motion pursuant to 28 U.S.C. § 2255 will be dismissed unless he shows cause, within 30 days of the date this Order is entered, why his Motion should not be dismissed as untimely.



DATED:  **May 7, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order - 7**